UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALTON C. HUTCHINSON, 93-B-0397,          **DECISION AND ORDER**

                Plaintiff,

v.                                       07-CV-0111(M)

THOMAS WICHTOWSKI, JASON ELLIOT
and WILLIAM HUGHES,

                Defendants.
_____

The parties have consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. §636(c) [17].[1] Before me are plaintiff's motions to compel [152], for leave to serve additional interrogatories [161], and to extend the discovery deadline [166].[2] For the following reasons, plaintiff's motion to compel [152] is GRANTED in part and DENIED in part, plaintiff's motion for leave to serve additional interrogatories [161] is GRANTED, and plaintiff's motion to extend the discovery deadline [166] is GRANTED.

**BACKGROUND**

Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action alleging that on January 10, 2005, corrections officers at the Elmira Correctional Facility assaulted him after he was falsely accused of raping a civilian employee of the prison [1].

---

[1] Bracketed references are to the CM/ECF docket entries.

[2] Plaintiff withdrew, without prejudice, all of the relief sought in his motion to compel [166] with the exception of his request to extend the discovery deadline. I deferred decision on this aspect of the motion pending resolution of the remaining discovery motions [152 and 161].

ANALYSIS

A.      **Plaintiff's Motion to Compel**

Plaintiff moves to compel photographs responsive to his first and second document requests that he alleges were withheld by defendants. Plaintiff contends that he was able to locate 35 photographs (numbered 071-105) taken on the day of the alleged incident that were not produced to him. Plaintiff's Affirmation [152], ¶38. He also seeks production of "each and every Employee Accident/Injury Report [defendants] filed following their involvement in a use of force report", the "supporting deposition of inmate Javier Pacheco, and a copy of plaintiff's hearing tape #05-017". Id., ¶59.[3]

Plaintiff's motion seeks sanctions for defendants' attempts to "thwart [his] efforts to discover the information [he has] sought" id., ¶68. However, at the October 5, 2009 status conference plaintiff conceded that the sole purpose of his motion was to receive the requested discovery and not to sanction defendants. Plaintiff's Declaration [183], ¶11. Therefore, this aspect of plaintiff's motion is deemed withdrawn.

1.      **Unusual Incident ("UI") Report Photographs**

In response, defendants concede that certain photographs in their possession from the UI report were not previously disclosed to plaintiff. Longo Declaration [173], ¶8. Defendants' counsel, Darren Longo, explains that he did not previously produce these

---

[3]     Although defendants initially failed to respond these aspects of plaintiff's motion to compel, at the October 5, 2009 status conference I granted defendants until October 9, 2009 to do so [182].

photographs because he believed them to be the same as the photographs from File 05/200 of the Inspector General's Office ("IG"), which were produced to plaintiff. Id., ¶¶1,8. While the photographs from the UI report appear to be cropped versions of the IG photographs, defendants concede that there is one photograph in the UI report (000015) that was not among the IG photographs produced. Consequently, defendants have now produced all of the photographs from the UI report. Id., Ex. B.

Although not raised in plaintiff's motion to compel, defendants have indicated that six of the photographs included in the IG files are actually thumbnails of short digital videos. Longo Declaration [173], ¶3; Longo Declaration [181], ¶30. Defendants' counsel requests additional time to determine a mechanism for producing these videos to plaintiff consistent with DOCS' policies. Longo Declaration [181], ¶¶34-35. Defendants shall produce the thumbnail videos to plaintiff by November 16, 2009.

2. **Photographs from Elmira's Deputy Superintendent for Security Services ("DSS")**

Upon making further inquiries, Mr. Longo also received an additional 31 photographs (Ex. C) from Stephen Wenderlich, Elmira's DSS, which he believes are duplicative of the previously produced photographs. Id., ¶¶18, 19. Nevertheless, he has produced them. Id., Ex. C.

### 3. Photographs from the New York State Police

In response to plaintiff's motion to compel, defendants requested photographs from the State Police who investigated this incident. Id.,¶¶ 24, 25. These photographs were produced to defendants, but defendants object on behalf of the State Police to their production to plaintiff under New York State Public Officer Law §66, which provides, *inter alia*, that "[a] fee of twenty-five dollars per photograph or contact sheet shall be charged". Id., ¶33. Defendants contend that had plaintiff requested these photographs via subpoena or FOIL request, he would have been subject to these fees. Id. ¶30.

Fed. R. Civ. P. ("Rule") 26(a)(1)(A)(ii) requires a party to produce a copy, or a description by category and location, of documents in its possession, custody and control that it may use to support its claims or defenses. Plaintiff argues that because these photographs are now in the possession of defendants they must be produced to him irrespective any objections raised by the State Police. Plaintiff's Declaration [177], ¶9. While arguing that the State Police photographs are not in the custody or control of the defendants, Mr. Longo concedes that the "the State Police sent [him] the photographs", he "printed out copies for service upon plaintiff should the Court so order", and Bates-stamped the photographs. Longo Declaration [173], ¶¶34-37. Under these circumstances, I find that these photographs are in the custody and control of defendants, and that notwithstanding the State Police's objection, they should be produced to plaintiff without cost.

Defendants also interpose an additional objection on behalf of the State Police that the aerial photographs of the Elmira Correctional Facility not be produced because they depict the layout of the facility thereby constituting a security risk. Id., ¶40. Plaintiff does not

oppose the objection, but "because of their evidentiary value, *i.e.*, showing each defendant's route, the defendants should be required to file the photographs with the Court under separate cover, and then provide me with 'in court' access to a copy of use at trial." Plaintiff's Declaration [177], ¶15.

To the extent plaintiff does not oppose defendants' argument that disclosure of these photographs would constitute a security risk, I see no basis to disclose the photographs to him for trial purposes. Therefore, all of the photographs received by the State Police, with the exception of those depicting aerial views of Elmira Correctional Facility, shall be produced to plaintiff.

### 4. Chemung County District Attorney's Photographs

Mr. Longo also requested documents from the Chemung County District Attorney who prosecuted plaintiff for his alleged rape of a civilian employee at Elmira. Longo Declaration [173], ¶¶41-42. As a result, the District Attorney produced 168 photographs that came from three sources, including the State Police, the hospital that treated the victim in plaintiff's criminal case, and DOCS. Id., ¶¶48-49. Some, but not all, of these photographs were made part of the record in plaintiff's criminal trial. Id., ¶47. Defendants have no objection to the disclosure of the hospital photographs. Id. ¶52. However, they have withheld production of all of the District Attorney's photographs pending my ruling on the State Police's objection to the production of their photographs.

Plaintiff objects to the "disclosure/filing of [the hospital images of the victim] as having no evidentiary value in this action". Plaintiff's Declaration [177], ¶18. Since the hospital

photographs are in the custody and control of defendants and potentially relevant to the claims or defenses in this case, they shall be produced to plaintiff. However, at this time, I am making no determination as to the ultimate admissibility of the photographs, which will be addressed, if necessary, at trial.

      **5.      Employee Accident/Injury Report**

Plaintiff initially served defendant Wichtowski with an interrogatory requesting information concerning previous uses of force. February 23, 2009 Decision and Order [111], pp. 7-8. Defendant Wichtowski's interrogatory response indicated that he could not recall the specifics of these incidents and had no way of accessing the use of force reports because they were filed based on the name of the inmate rather that in the name of the officer. Id. In response to plaintiff's motion to compel this information, I directed defendant Wichtowski to supplement his interrogatory response by March 19, 2009, detailing whether specific information concerning his use of force incidents could readily be obtained from the electronic reporting system, and if so, to produce it. Id. Defendant Wichtowski supplemented his interrogatory response on March 19, stating that "my attorney has asked for electronic records using uses of force and will report his findings to the court. [122], ¶18.

Because the use of force reports were never supplied to plaintiff and defendants' counsel's findings were not reported to the court, plaintiff instead seeks employee accident/injury reports. According to plaintiff, employee accident/injury reports are completed following every use of force incident, thereby permitting him to determine the prior uses of force. Plaintiff's Declaration [177], ¶¶28, 30.

Defendants' counsel responds that "over the past months, [he] made several inquiries to DOCS concerning [the two electronic filing systems by which use of force reports can be traced]", but his most recent inquiry has yet to produce any answers. Longo Declaration [181], ¶¶21-23. However, he expects to receive a response in the "near future". Id., ¶24. Therefore, he requests additional time to respond to plaintiff's demand. Id., ¶26.

Defendants shall produce the use of force reports from the electronic filing systems or the employee accident/injury reports by November 16, 2009  If this information is not readily obtainable, defendants' counsel shall promptly advise me in advance of the production date.

### 6. Supporting Deposition of Javier Pacheco

Defendants' counsel states that if the supporting deposition of Javier Pacheco exists, it is not in DOCS' possession and suggests that plaintiff subpoena it directly from the State Police. Longo Declaration [181], ¶¶14, 17. Based upon defendants' counsel's representations, this aspect of plaintiff's motion is denied.[4]

### 7. Hearing tape #05-017

Defendants have produced a copy of the transcript of the plaintiff's hearing tape #05-017. Longo Declaration [181], Ex. A.  At the October 5, 2009 status conference, plaintiff

---

[4] Of note, defendants had previously produced the supporting deposition of *Raymond* Pacheco. Longo Declaration [119], ¶17.

indicated that he would accept a transcript in lieu of the tape itself. However, he now indicates that the transcript is not accurate. Plaintiff's Declaration [183], ¶2.

Defendants' counsel argues that if plaintiff still desires the tape itself, he should request it directly from Southport Correctional Facility and must provide his own cassette tapes for copying. Longo Declaration [181], ¶5. Since defendants have produced the hearing transcript, that they shall also produce the hearing tape to plaintiff and plaintiff shall supply a cassette tape or other appropriate medium for copying the hearing tape. Therefore, this aspect of plaintiff's motion is granted.

**B.     Motion for Leave to File Additional Interrogatories**

Plaintiff seeks to serve 11 additional interrogatories on the defendants because he is "unable to afford the more expensive method of deposing the defendants". [161], ¶2. He contends that the defendants' responses to his requests to admit were "evasive, disingenuous and designed to thwart [his] efforts to obtain or establish the information or fact sought". Id. at ¶4. Thus, other than interrogatory #10, which requests the defendants to identify interview information (id. at ¶6), the proposed interrogatories are intended to "learn what is the basis for their responses and or to clarify their meanings". Id. at ¶5.

In response, defendants argue that plaintiff's interrogatories directed to defendant Wichtowski have already exceeded the 25 permissible under the Federal Rules and plaintiff should not be permitted to ask any additional interrogatories because the interrogatories he previously served "chose to ask questions the answers to which were apparent from the four corners of documents already in his possession". Longo Declaration, [169], ¶D. As to

defendants Elliot and Hughes, defendants concede that plaintiff has not yet exceeded the maximum number of interrogatories and do not object to plaintiff's proposed interrogatories on this basis. Id. at ¶G.

Rule 33(a)(1) provides that "a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(2)." In turn, Rule 26 provides that "the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues". Rule 26(b)(2)(C).

I am guided by "FRCvP 26(b)(2) which seeks to limit discovery to that which is proportional to the needs of the case." Denmeade v. King, 2001 WL 1823579, *1 (W.D.N.Y. 2001) (Elfvin, J.). On its face this case, which is limited to one excessive force incident perpetrated by three individuals, appears straightforward. However, the circumstances surrounding the incident, including the witnesses to the circumstances leading up the alleged incident and the subsequent internal and criminal investigations and prosecution, have added to the amount of discovery in this case. Therefore, I find that the additional 11 interrogatories plaintiff seeks to serve on defendant Wichtowski are proportional to the needs of his case.

All three defendants have substantive objections to a number of the proposed interrogatories.[5] However, beyond plaintiff's motion for leave to serve additional interrogatories, there is no motion before me for a protective order or to compel responses to the 11 proposed interrogatories. Before resorting to such motion practice, the parties are reminded of their obligation to meet and confer under Local Rule 37.

C.  **Plaintiff's Motion to Extend the Discovery Deadline**

Under the Second Amended Case Management Order [147] all discovery was to have been completed by August 30, 2009 and dispositive motions filed by September 30 2009. If necessary, a trial was set for February 22, 2009.

With good cause shown, plaintiff's motion to extend the discovery deadline is granted. At the October 5, 2009 status conference I advised the parties to submit proposed deadlines for completion of the case in advance of the October 29, 2009 status conference [182].[6]

---

[5] Defendants do not have substantive objections to proposed interrogatories nos. 7, 8, 10 and 11, other than their general objection that they exceed the maximum number of permissible interrogatories directed to defendant Wichtowski.

[6] Defendants had previously agreed that the relevant portions of the employee handbook sought in plaintiff's motion [166, pp. 3-4] may be produced to plaintiff without the necessity for a subpoena while reserving their rights to object to the substance of such request. Text Order dated August 25, 2009 [168]. Thereafter, plaintiff filed a third document demand requesting certain aspects of DOCS' Employee Rule Book and Standard Operational Procedure Manual [180]. In response to plaintiff's current motion to compel, defendants have produced the table of contents and index from the DOCS' Employee Manual and indicate that they will be producing the same information from the DOCS' Policy Manual. Long Declaration [181], ¶¶36-41. Although plaintiff now objects to this production (Plaintiff's Declaration [183], ¶¶17-20), this issue is not before me in the current motions.

## CONCLUSION

For these reasons, plaintiff's motion to compel [152] is GRANTED in part and DENIED in part, plaintiff's motion for leave to serve additional interrogatories [161] is GRANTED, and plaintiff's motion to extend the discovery deadline [166] is GRANTED. Defendants shall produced the items sought in plaintiff's motion to compel [152] by November 16, 2009.

**SO ORDERED**.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated: October 23, 2009