UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ALTON C. HUTCHINSON, 93-B-0397,                    **DECISION AND ORDER**

                Plaintiff,

v.                                                                                  07-CV-0111(M)

THOMAS WICHTOWSKI, JASON ELLIOT
and WILLIAM HUGHES,

                Defendants.
_____

       The parties have consented to proceed before a Magistrate Judge pursuant to 28

U.S.C. §636(c) [17].[1]  Before me is plaintiff's motions for reconsideration [197] of my October

23, 2009 Decision and Order denying his motion to compel production of aerial photographs of

Elmira Correctional Facility ("Elmira") [184].  For the following reasons, the motion is denied.


                         **BACKGROUND**

       Plaintiff, an inmate, commenced this 42 U.S.C. §1983 action alleging that on

January 10, 2005, corrections officers at Elmira assaulted him after he was falsely accused of

raping a civilian employee of the prison [1].

       By Decision and Order dated October 23, 2009 [184], I  denied plaintiff's motion

to compel production of  aerial photographs of Elmira, finding that:

> "Defendants . . .  interpose an . . .  objection on behalf of the State
> Police that the aerial photographs of the Elmira Correctional
> Facility not be produced because they depict the layout of the
> facility thereby constituting a security risk.  [Longo Declaration
> [173]],¶40.  Plaintiff does not oppose the objection, but 'because of

---

their evidentiary value, *i.e.*, showing each defendant's route, the defendants should be required to file the photographs with the Court under separate cover, and then provide me with 'in court' access to a copy of use at trial.' Plaintiff's Declaration [177], ¶15.

To the extent plaintiff does not oppose defendants' argument that disclosure of these photographs would constitute a security risk, I see no basis to disclose the photographs to him for trial purposes. Therefore, all of the photographs received by the State Police, with the exception of those depicting aerial views of Elmira Correctional Facility, shall be produced to plaintiff." [184], pp. 4-5.

In moving for reconsideration, plaintiff argues that he has "offered a reasonable alternative to [his] actually possessing the photographs within the meaning contemplated by the prohibition." Plaintiff's Declaration [197], ¶6. Plaintiff explains that under his proposal "the Assistant Attorney General would maintain possession of the photographs until which time it may be used for purpose of direct and/or cross-examination, and/or it is offered into evidence; thus, when not in direct use at trial, I do not 'possess' the photographs, and at no time do I actually possess them, or in such a way as to threaten the security of the facility." Id., ¶7. He argues that disclosure of the aerial photographs are necessary to provide the jury with a "visual reference" for defendants' testimony concerning the routes they took in responding to the alleged incident. Id., ¶¶9, 11.

In response, defendants have submitted copies of the aerial photographs for *in camera* review. They argue that the photographs "pose a security risk if disclosed to an inmate, as they do show points of entry and exit from the facility proper." Longo letter [212]. They further argue that the photographs "have no evidentiary value and are irrelevant to the instant case." Id.

## ANALYSIS

"The standard for granting . . . a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transportation, Inc., 70 F.3d 255, 257 (2d Cir.1995). "The decision to grant or deny the motion is within the sound discretion of the district court." Williams v. Smith, 2009 WL 5103230, *1 (S.D.N.Y. 2009).

Plaintiff has failed to establish a proper basis for reconsideration of my decision. He admits that the photographs constitute a security risk if in the possession of an inmate, and his proposal to permit him to use and access the photographs at trial, as opposed to possessing them, does not alleviate defendants' concern against the photographs being "disclosed" to plaintiff. Longo letter [212]. If plaintiff's recently appointed counsel continues to seek disclosure of the photographs, he shall confer with defendants' counsel to determine if defendants would be willing to produce the photographs to him subject to a confidentiality stipulation that prohibits disclosure to plaintiff.

## CONCLUSION

For these reasons, plaintiff's motion for reconsideration [197] is denied.

**SO ORDERED**.

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge

Dated:    March 8, 2010